IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALAN W. KINGSLEY,

      **Plaintiff,**

      v.                                    CASE NO. 23-3094-JWL

STEVEN A. GROENE, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the court on a notice of removal[1] filed by Alan W. Kingsley, the plaintiff in a closed medical malpractice action that was previously pending in state court. Because Plaintiff has failed to show any grounds for removal or that removal is proper in a closed case, this matter is dismissed.

Plaintiff seeks to have this Court preside over Case No. 2021-cv-107, which was previously pending in the District Court of Reno County, Kansas. *See Kingsley v. Groene*, Case No. 2021-cv-000107 (Reno County District Court). On March 13, 2023, the district court judge entered an Order of Dismissal, dismissed the matter without prejudice for failure to prosecute, and closed the case. *Id*. In fact, Plaintiff has included the dismissal order with his pleading in this case. *See* Doc. 1, at 4.

Plaintiff has not shown that he can properly remove a closed case that he initiated in state court. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

---

[1] Plaintiff titled his pleading as a "Motion for Change of Venue," seeking to change the venue from state court to this Court.

place where such action is pending." 28 U.S.C. § 1441(a).  The statute only provides for removal by "the defendant or the defendants," it does not provide for removal by a plaintiff.

In *Montero v. Tulsa Airport Improvements*, the pro se plaintiff sued in state court and then purported to transfer or remove the case to federal court. *Montero v. Tulsa Airport Improvements*, 770 F. App'x 439 (10th Cir. 2019) (unpublished).  The Tenth Circuit found that the district court lacked jurisdiction "because a plaintiff cannot . . . remove a case from state court to federal court under 28 U.S.C. § 1441." *Id*. at 440.  "Section 1441 does permit removal of a case from state court to federal court. But a plaintiff . . . cannot remove the case." *Id*. (citing *see Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam) ("No section [of the U.S. Code] provides for removal by a plaintiff."); *see also* 14C Charles Alan Wright, et al.*, Federal Practice and Procedure* § 3730, at 607 (2018) (stating that "plaintiffs cannot remove" cases to federal court)).

Plaintiff has pointed to no authority for the proposition that removal of a closed case is proper.  The removal statutes refer to the removal of *pending* cases.  *See, e.g.,* 28 U.S.C. § 1441(a) (providing for removal to the district court of the United States for the district and division embracing the place "where such action is pending"); 28 U.S.C. § 1443 (same); 28 U.S.C. § 1446(a) (same); 28 U.S.C. § 1455(a) (same).  The Tenth Circuit Court of Appeals has recently held that the right to remove a state court case to federal court is limited to defendants, and "there is no federal authority whatsoever for removing a closed case from state court to federal court." *Gilbert v. Kansas*, Case Nos. 22-3229 & 22-3249 (10th Cir. March 8, 2023) (unpublished).

Although summary remand is ordinarily required under the applicable statute, the posture of this case is such that there is no court to which it may be remanded. Therefore, dismissal is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed.**

**IT IS SO ORDERED**.

**Dated April 5, 2023, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**